FILED

2026 Mar-19  AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

CLC/DSM: Mar. 2026
BHM GJ# 28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No.** |
| | **)** | |
| **JERREON KENTRELL DYE** | **)** | |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE
### *Conspiracy to Commit Bank Fraud*
### 18 U.S.C. §§ 1349, 1344

1.     From at least in or around June 2023 until at least in or around September 2023, more exact dates being unknown to the Grand Jury, in Jefferson and St. Clair Counties, within the Northern District of Alabama, and elsewhere, the defendant,

**JERREON KENTRELL DYE,**

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to commit bank fraud, in violation of 18 U.S.C. § 1344.

2.     It was a part and an object of the conspiracy that the defendant, **JERREON KENTRELL DYE**, and others known and unknown to the Grand Jury,

would and did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain money, funds, credits, assets, securities, and other property owned by, or under the custody and control of, that financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## PURPOSE OF THE CONSPIRACY

3.     It was a purpose of the conspiracy for the defendant, **JERREON KENTRELL DYE**, and his co-conspirators, to unlawfully enrich themselves and others by, among other things, obtaining stolen checks; unlawfully altering, duplicating, or forging those stolen checks; causing stolen or otherwise fraudulent checks to be deposited into bank accounts controlled by members of the conspiracy; withdrawing money from bank accounts controlled by members of the conspiracy; and then unlawfully enriching themselves and other members of the conspiracy with the stolen funds.

## MANNER AND MEANS OF THE CONSPIRACY

Among the manner and means used by the conspiracy to achieve its unlawful objects and in furtherance of the scheme were the following:

4.      It was a part of the conspiracy that the defendant, **JERREON KENTRELL DYE**, and other members of the conspiracy would obtain checks that had been stolen from the custody of the United States Postal Service.

5.      It was also a part of the conspiracy that the defendant, **JERREON KENTRELL DYE**, and other members of the conspiracy would alter, duplicate, and forge unlawfully obtained checks.

6.      It was a further part of the conspiracy that the defendant, **JERREON KENTRELL DYE**, and other members of the conspiracy would cause others to deposit those stolen or otherwise fraudulent checks at financial institutions in an effort to defraud those financial institutions and to obtain money and funds under the custody and control of those financial institutions.

All in violation of Title 18, United States Code, Section 1349.

<u>**COUNT TWO**</u>
**Bank Fraud**
**[18 U.S.C. §§ 1344 & 2]**

The Grand Jury further charges:

7.      The factual allegations contained in paragraphs 1 through 6 of this Indictment are re-alleged as though fully set forth herein.

8.      Between on or about June 9, 2023, and on or about July 17, 2023, more exact dates being unknown to the Grand Jury, in Jefferson and St. Clair Counties, within the Northern District of Alabama, and elsewhere, the defendant,

**JERREON KENTRELL DYE,**

together with others known and unknown to the Grand Jury, aiding and abetting one another, willfully and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, that is, a $171,935.49 check drawn on a Bank of America account associated with Victim-Company-1 in Birmingham, Alabama.

All in violation of Title 18, United States Code, Section 1344.

## COUNT THREE
### Aggravated Identity Theft
### [18 U.S.C. §§ 1028A & 2]

The Grand Jury further charges:

9. The factual allegations contained in paragraphs 1 through 8 of this Indictment are re-alleged as though fully set forth herein.

10. Between on or about June 9, 2023, and on or about June 20, 2023, in Jefferson and St. Clair Counties, in the Northern District of Alabama and elsewhere, the defendant,

**JERREON KENTRELL DYE,**

together with others known and unknown to the Grand Jury, aiding and abetting one another, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), transferring, possessing, and using the name and signature of R.W., the authorized signatory for a $171,935.49 check drawn on the account of Victim-Company-1 in connection with the bank fraud charged in Count Two of the Indictment, doing so without authorization and knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## NOTICE OF FORFEITURE
### [18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c)]

1.      The allegations contained in Counts One and Two of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1349, 1344, and 2 set forth in Counts One and Two of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from,

proceeds the defendant obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

3.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United

States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

/s/electronic signature
FOREPERSON OF THE GRAND JURY

CATHERINE L. CROSBY
Acting United States Attorney

/s/electronic signature
DANIEL S. MCBRAYER
Assistant United States Attorney